**Willie Fred BRADY, Plaintiff–Appellant,**

v.

**McMAHON; et al., Defendants–Appellees.**

No. 00–16880.

D.C. No. CV–98–5124–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Willie Fred Brady, a California state prisoner, appeals pro se the summary

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

judgment of the district court dismissing his civil rights action regarding prison conditions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

■ We review summary judgment de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). The district court erred by finding that Brady had not proffered evidence to support his allegation of retaliation for exercising his right to file a grievance. Because requiring Brady to sign the additional form in support of his allegation of staff misconduct in his grievance did not advance a legitimate penological goal, the district court erred by dismissing the retaliation claim. *Cf. id.* at 816. We reverse and remand for further proceedings on this claim.

■ Because a prisoner has no due process right to call witnesses at a disciplinary hearing, the district court properly dismissed this claim. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100–01 (9th Cir.1986). Because Brady failed to show that he was actually injured as a result of defendants' alleged denial of access to the courts or delay in responding to his serious medical needs, the district court properly dismissed these claims. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access to courts); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992) (deliberate indifference to medical needs), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc).

The district court properly reviewed the requested discovery materials for relevance *in camera*.

Brady's remaining contentions lack merit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We deny Brady's motion for preliminary injunctive relief and his motion for injunction relief.

**Each party shall bear its own costs on appeal.**

**AFFIRMED in part, REVERSED AND REMANDED in part.**